IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LUCAS MICHAEL HUBBARD                                                                    PLAINTIFF

v.                                           Case No. 6:24-cv-6151

KRISTY WITHERINGTON,
Investigator, Garland County DHS;
CABLE THOMAS PARKS;
JUDGE KERRY SPRUILL,
12th Judicial District Court, Louisiana;
DETECTIVE CHRISTOPHER SAVAGE,
Police Officer, Garland County;
KEITH MANUEL; DANNY CLARK;
and CARRIE CLARK                                                                         DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed on February 13, 2025, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 64. This case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A. Judge Bryant recommends that the following claims be dismissed: (1) all claims against Defendant Judge Kerry Spruill; (2) all claims under 42 U.S.C. § 1983 against Defendants Keith Manuel, Carrie Clark, Danny Clark, and Cable Thomas Parks; (3) the claim pursuant to 18 U.S.C. § 1201 against Defendant Cable Thomas Parks; and (4) all claims under 42 U.S.C. § 1985 against Defendants Keith Manuel, Carrie Clark, Danny Clark and Cable Thomas Parks. Plaintiff has responded with objections. ECF No. 66. The Court finds the matter ripe for consideration.

### I. BACKGROUND

Plaintiff, representing himself in this matter, is seeking damages related to a child custody decision and divorce proceedings in Louisiana. In the instant lawsuit, Plaintiff makes

various claims against several Defendants who were involved in his Louisiana case. Judge Bryant recommends that all but two Defendants be dismissed from this case. Plaintiff objects. ECF No. 66.

## II. STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 154 (1985). The Court must apply a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

The Court must dismiss a complaint, or any portion of it, if it contains claims that are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). A claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### III. DISCUSSION

The Court will now discuss Judge Bryant's recommendations and Plaintiff's specific objections to these recommendations.

#### A. Judge Kerry Spruill

When Plaintiff filed his complaint, Judge Kerry Spruill was the state court judge who presided in some fashion over Plaintiff's divorce proceedings in Louisiana. Judges are generally immune from lawsuits, but judicial immunity can be overcome in the following situations: (1) if the act challenged is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Plaintiff brings claims under 42 U.S.C. § 1983 against Judge Spruill. However, in his complaint, Plaintiff does not allege that Judge Spruill took any actions that were non-judicial or without jurisdiction. Plaintiff's objections state that Judge Spruill acted unlawfully and heard a case "outside his jurisdiction." ECF No. 66, p. 1. However, Plaintiff does not support this legal conclusion with any facts. Accordingly, the Court agrees with Judge Bryant that all claims against Judge Spruill should be dismissed because he is immune from suit.

#### B. Keith Manuel, Carrie Clark, Danny Clark, and Cable Thomas Parks (§ 1983)

Plaintiff alleges claims under 42 U.S.C. § 1983 against Defendants Keith Manuel, Carrie Clark, Danny Clark, and Cable Thomas Parks. These Defendants, however, are not state actors under § 1983. Private actors may incur § 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law. *See Miller v. Compton*, 122

F.3d 1094, 1098 (8th Cir. 1993). To hold private actors liable under § 1983, a plaintiff must establish an agreement, or meeting of the minds, between the private and state actors and a corresponding violation of the plaintiff's constitutional rights or laws of the United States. *See Mershon v. Beasley*, 994 F.2d 449, 4561 (8th Cir. 1993).

In his complaint, Plaintiff does not allege any conspiracy between Defendants Keith Manuel, Carrie Clark, Danny Clark, Cable Thomas Parks and any state actor. In his objections, Plaintiff makes the general statement that these Defendants "conspired with a state official to deprive someone of their rights." ECF No. 66, p. 2. However, Plaintiff offers no facts in support of his statement. Thus, the Court agrees with Judge Bryant that all § 1983 claims against Defendants Keith Manuel, Carrie Clark, Danny Clark, Cable Thomas Parks should be dismissed because they are not amenable to suit under 42 U.S.C. § 1983.

### C.  Cable Thomas Parks (18 U.S.C. § 1201)

Plaintiff alleges a claim against Cable Thomas Parks under 18 U.S.C. § 1201, which is the federal criminal statute regarding kidnapping. However, Plaintiff cannot bring criminal charges against Defendants under this federal criminal statute. *See Parkhurst v. Tabor*, 569 F.3d 861, 867 (8th Cir. 2009) (explaining that decisions to prosecute "are decisions that generally rest in the prosecutor's discretion"). Plaintiff states in his objections that he "couldn't get criminal charges filed because of the way things are in Hot Springs." ECF No. 66, p. 2. However, this does not change the fact that 18 U.S.C. § 1201 does not afford Plaintiff a private cause of action for kidnapping. Accordingly, the Court agrees with Judge Bryant that this claim should be dismissed.

### D.  Keith Manuel, Carrie Clark, Danny Clark, and Cable Thomas Parks (§ 1985)

Plaintiff alleges that "the defendants conspired to deprive the plaintiff of equal protection

4

of the laws or of equal privileges and immunities under the law." ECF No. 61, p. 1. Plaintiff states that he is bringing this claim under 42 U.S.C. § 1985. Plaintiff, however, does not specify the conspiracy alleged and does not state any facts that would support a claim that Defendants conspired to deprive Plaintiff of any rights or privileges. For this reason, Judge Bryant recommended dismissal of all § 1985 claims. In his objections, Plaintiff simply states that Defendants Keith Manuel, Danny Clark, and Carrie Clark "conspired to deprive someone of their rights." ECF No. 66, p. 2. Again, Plaintiff presents no factual basis for this conclusion. Accordingly, the Court agrees with Judge Bryant that the § 1985 conspiracy claim should be dismissed.

### E. Defendants Kristy Witherington and Detective Christopher Savage

In his complaint, Plaintiff states that Defendant Kristy Witherington is an investigator with the Arkansas Department of Human Services and that Defendant Christopher Savage is a detective with the Hot Springs Police Department. Judge Bryant found that, at this stage of the case, Plaintiff has alleged sufficient facts to assert "plausible" claims against these two Defendants. No party has objected to this finding. Thus, the Court finds that the claims against Defendants Witherington and Savage should remain for further resolution.

### IV. CONCLUSION

Upon *de novo* review, for the reasons discussed above, the Court finds that Plaintiff has offered neither fact nor law which would cause the Court to deviate from Judge Bryant's Report and Recommendation. Therefore, the Court overrules Plaintiff's objections (ECF No. 66) and completely adopts the Report and Recommendation. ECF No. 64. Accordingly, all 42 U.S.C. § 1983 claims against Keith Manuel, Carrie Clark, Danny Clark and Cable Thomas Parks are **DISMISSED WITHOUT PREJUDICE**. Further, Plaintiff's claim under 18 U.S.C. § 1201

5

against Cable Thomas Parks and all claims against Judge Kerry Spruill are **DISMISSED WITHOUT PREJUDICE**.  Lastly, all claims under 42 U.S.C. § 1985 against Keith Manuel, Carrie Clark, Danny Clark, and Cable Thomas Parks are **DISMISSED WITHOUT PREJUDICE**.  All claims against Defendants Kristy Witherington and Christopher Savage remain for further resolution.

Because this Order dismisses all claims against Defendants Keith Manuel, Danny Clark, and Carrie Clark, the Court finds that their pending Motions to Dismiss (ECF Nos. 12, 16) should be and hereby are **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 23rd day of June, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge