IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LUCAS MICHAEL HUBBARD                                                                      PLAINTIFF

v.                                         Case No. 6:24-cv-6151

KRISTY WITHERINGTON,
Investigator, Garland County DHS and
DETECTIVE CHRISTOPHER SAVAGE,
Police Officer, Garland County                                                             DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed on March 18, 2025, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 72. Judge Bryant recommends that Separate Defendant Kristy Witherington's Motion to Dismiss (ECF No. 67) be granted and all claims against her dismissed without prejudice. Plaintiff has responded with objections. ECF No. 73. The Court finds the matter ripe for consideration.

**I. BACKGROUND**

This is a civil rights action filed by Plaintiff, who is a self-represented litigant. Generally, Plaintiff seeks damages related to a child custody decision and divorce proceedings in Louisiana. The Court has dismissed all but two Defendants in this lawsuit. ECF No. 74. Separate Defendant Kristy Witherington is an investigator with the Arkansas Department of Human Services. Plaintiff alleges claims for monetary damages under 42 U.S.C. §§ 1983 and 1985 against Witherington.[1] Specifically, Plaintiff alleges that Defendants "deprived [him] of rights, privileges, or immunities secured by the Constitution and laws" and "conspired to deprive [him] of equal protection of the laws or of equal privileges and immunities under the laws." ECF No.

---
[1] The Court notes that Plaintiff also seeks a preliminary injunction "to prevent further violation of his civil rights." ECF Nos. 19, 24, 53, 61.

61, p. 1. Witherington argues that these claims against her should be dismissed because: (1) Plaintiff's requested relief is barred by statute and the doctrine of sovereign immunity; (2) Plaintiff fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); and (3) Plaintiff's claims are improper under the *Younger* doctrine.

In the Report and Recommendation, Judge Bryant found that Witherington, an employee of the Arkansas Department of Human Services, is immune from suit based on the Eleventh Amendment and the doctrine of sovereign immunity. ECF No. 72, pp. 3-4. Plaintiff objects to this finding. ECF No. 73.

## II. STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation. *Thomas v. Arn*, 474 U.S. 140, 154 (1985).

The Court must apply a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

Federal Rule of Civil Procedure 12(b)(1) permits a party to move for dismissal based on a lack of subject matter jurisdiction. "Subject matter jurisdiction refers to a court's power to decide a certain class of cases." *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006) (citing *Cont'l Cablevision of St. Paul, Inc. v. U.S. Postal Serv.*, 945 F.2d 1434, 1437 (8th Cir. 1991)). Federal courts only have the power that is authorized by Article III of the Constitution and the statutes enacted by Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Whether the Court lacks subject matter jurisdiction over a case is a "threshold requirement which must be assured in every federal case." *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990) (citing *Barclay Square Props. v. Midwest Fed. Sav. & Loan*, 893 F.2d 968, 969 (8th Cir. 1990)). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party to an action. *Blueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir. 1993). Federal Rule of Civil Procedure 12(h)(3) requires the Court to dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction."

### III. DISCUSSION

In his complaint, Plaintiff does not identify in which capacity he is suing Witherington. When a plaintiff's complaint is silent or otherwise ambiguous about the capacity in which the plaintiff is suing the defendant, Eighth Circuit precedent requires the Court to presume that the plaintiff sues the defendant only in his or her official capacity. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). "A plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer." *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Stated differently, an official capacity claim

against a public employee is actually a suit against the government entity that employees the individual.

Here, Witherington is an employee of the Arkansas Department of Human Services. Therefore, Plaintiff's official capacity claims against Witherington are effectively claims against the Arkansas Department of Human Services, which makes them claims against the State of Arkansas. However, Eleventh Amendment sovereign immunity bars claims for money damages against the State of Arkansas unless the state has waived immunity or Congress has abrogated it. *See Skelton v. Henry*, 390 F.3d 614, 617 (8th Cir. 2004); *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (affirming dismissal of claims against state agency based on Eleventh Amendment immunity).

Plaintiff does not reasonably assert that the State of Arkansas has consented to be sued or that Congress has abrogated state sovereign immunity with respect to any of his claims. Thus, the Court agrees with Judge Bryant's finding that the official capacity claims against Witherington for money damages are barred by sovereign immunity under the Eleventh Amendment. Accordingly, the Court lacks subject matter jurisdiction over these claims and finds that they must be dismissed.

In his objections, Plaintiff argues that *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 659 (1978), allows Witherington to be sued under 42 U.S.C. § 1983 for constitutional violations caused by any official policies or customs. However, *Monell* governs claims against municipalities or local governments and does not apply to claims against state governments.

Because the Court lacks subject matter jurisdiction over all claims for monetary damages against Witherington, the Court will not address her arguments as to whether Plaintiff has failed

4

to state a claim against her under Federal Rule of Civil Procedure (12(b)(6) or whether the claims should be dismissed pursuant to the *Younger* doctrine.

## IV. CONCLUSION

Upon *de novo* review, for the reasons discussed above, the Court finds that Plaintiff has offered neither fact nor law which would cause the Court to deviate from Judge Bryant's Report and Recommendation. Therefore, the Court overrules Plaintiff's objections (ECF No. 73) and completely adopts the Report and Recommendation. ECF No. 72. Separate Defendant Kristy Witherington's Motion to Dismiss (ECF No. 67) is **GRANTED** as it relates to claims for monetary damages. Accordingly, all claims for monetary damages against Separate Defendant Kristy Witherington are **DISMISSED WITHOUT PREJUDICE**.

The Court notes that Plaintiff has filed three nearly identical Motions for Preliminary Injunction. ECF Nos. 19, 24, 53. These motions are addressed in a separate Report and Recommendation. ECF No. 90. Further, the Court finds that Separate Defendant Kristy Witherington's previous Motion to Dismiss (ECF No. 38) that was filed before Plaintiff filed an amended complaint should be and hereby is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 8th day of September, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge