IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION


LUCAS MICHAEL HUBBARD                                                    PLAINTIFF

v.                                          Case No. 6:24-cv-6151

KRISTY WITHERINGTON,
Investigator, Garland County DHS;
DETECTIVE CHRISTOPHER SAVAGE,
Police Officer, Garland County                                          DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed August 21, 2025, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.[1] ECF No. 89. Judge Bryant recommends that Separate Defendant Christopher Savage's Motion to Dismiss (ECF No. 81) be granted and that Plaintiff's claim against Defendant Savage be dismissed without prejudice. Plaintiff has responded with objections. ECF No. 91. The Court finds the matter ripe for consideration.

## I. BACKGROUND

This is a civil rights action filed by Plaintiff, a self-represented litigant. Plaintiff seeks damages related to a child custody decision and divorce proceedings in Louisiana. He claims that he was denied access to his minor child and lost his home because of the action of a private attorney in Louisiana and orders entered by a Louisiana state court.

The instant Report and Recommendation addresses only the claims against Separate Defendant Christopher Savage, who Plaintiff identifies as a police officer for the City of Hot Springs, Arkansas. Plaintiff alleges that Defendant Savage violated his civil rights by purposefully

---

[1]Magistrate Judge Barry A. Bryant is now retired.

distracting Plaintiff so that Separate Defendant Cable Parks[2] could sneak inside Plaintiff's house and kidnap his daughter.  ECF No. 61, p, 3.  Plaintiff alleges that Defendant Savage's actions violate 42 U.S.C. § 1983 and 18 U.S.C. § 242.

Defendant Savage asks the Court to dismiss all claims against him pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.  STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally, "objections must be timely and specific" to trigger *de novo* review.  *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation.  *Thomas v. Arn*, 474 U.S. 140, 154 (1985).  The Court must apply a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

---

[2]Separate Defendant Cable Parks has been dismissed from this case.  ECF No. 74.

## III.  DISCUSSION

Judge Bryant recommends that Plaintiff's claims against Defendant Savage be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.  An action fails to state a claim on which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The facts alleged by a plaintiff "must be enough to raise a right to relief above the speculative level." *Twombly*. 550 U.S. at 555.  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims.  *Stone v. Harry*, 364 F.3d 912, 914.

### A.  42 U.S.C. § 1983 Claim

Plaintiff broadly states in his amended complaint that he makes a claim pursuant to 42 U.S.C. § 1983, but he does not allege any specific facts related to his § 1983 claim.  Further, Plaintiff does not identify in which capacity he is suing Defendant Savage.  Thus, the Court assumes that Plaintiff is suing Defendant Savage in his official capacity.[3] *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (noting that "only an express statement that [public officials] are being sued in their individual capacity will suffice"); *see also Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995).  According to Plaintiff, Defendant Savage is an officer of the Hot Springs Police Department.  Thus, the claim against Defendant Savage is

---

[3]Plaintiff confirms this assumption in his objections, stating that he is "seeking damages against the defendant in his official capacity."  ECF No. 91, p. 1.

functionally a claim against the City of Hot Springs, Arkansas. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (explaining that an official capacity claim is "functionally equivalent to a suit against the employing governmental entity").

Judge Bryant recommended that Plaintiff's § 1983 claim be dismissed because Plaintiff fails to describe any policy, practice, or custom of the City of Hot Springs that contributed to a violation of his constitutional rights. Plaintiff objects, arguing generally that his amended "complaint contains sufficient factual matter to state plausible claims under 42 U.S.C. § 1983. ECF No. 91, p. 1.

Under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), a government entity can be liable only "for a constitutional violation resulting from (1) an official municipal policy, (2) an unofficial custom, or (3) failure to train or supervise." *Robbins v. City of Des Moines*, 984 F.3d 673, 681-82 (8th Cir. 2021). Here, Plaintiff does not allege or describe any policy, practice, or custom of the City of Hot Springs, Arkansas, that contributed to a violation of his constitutional rights. Further, Plaintiff does not allege that the City of Hot Springs failed to train its officers. In fact, Plaintiff fails to include in his amended complaint any "factual content that [would] allow[] the [C]ourt to draw the reasonable inference that the [City of Hot Springs, Arkansas,] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. 662, 678 (2009). Accordingly, the Court finds that Plaintiff's official capacity claim under § 1983 against Defendant Savage should be dismissed.

### B. 18 U.S.C. § 242 Claim

Plaintiff states in his amended complaint that he is bringing a cause of action against Defendant Savage based on 18 U.S.C. § 242, which is a federal criminal statute regarding deprivation of rights. ECF No. 61, p. 4. Plaintiff, however, lacks standing to seek criminal charges against Defendant pursuant to any criminal statute. *See Parkhurst v. Tabor*, 569 F.3d 861, 867

(8th Cir. 2009) (explaining that decisions to prosecute "are decisions that generally rest in the prosecutor's discretion"). This criminal statute, 18 U.S.C. § 242, does not afford Plaintiff a private cause of action. Accordingly, the Court finds that any claim based on this statute, or any other criminal statute, must be dismissed.

### IV. CONCLUSION

Being well and sufficiently advised and finding no clear error on the face of the record, the Court adopts the Report and Recommendation (ECF No. 89) *in toto*. Accordingly, Defendant Savage's Motion to Dismiss (ECF no. 81) is **GRANTED**, and all claims against Defendant Savage are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court also finds that Plaintiff's Motion to Strike (ECF No. 83), which Judge Bryant treated as Plaintiff's response to the instant Motion to Dismiss, should be and hereby is **DENIED**.[4]

**IT IS SO ORDERED**, this 26th day of February, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[4]In the Motion to Strike, Plaintiff argues that the instant Motion to Dismiss (ECF No. 81) should be stricken from the record because it was untimely filed. The Court cannot find that the motion was untimely filed because it does not appear that the City of Hot Springs, Arkansas, has ever been served with the amended complaint (ECF No. 61), which is the operative complaint in this matter.