IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LUCAS MICHAEL HUBBARD                                                    PLAINTIFF

v.                                  Case No. 6:24-cv-6151

KRISTY WITHERINGTON,
Investigator, Garland County DHS, *et al.*                           DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed August 22, 2025, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.[1] ECF No. 90. Judge Bryant recommends that Plaintiff's Motions for Preliminary Injunction (ECF Nos. 19, 24, and 53)[2] be denied. Plaintiff has responded with objections. ECF No. 92. The Court finds the matter ripe for consideration.

### I. BACKGROUND

This is a civil rights action filed by Plaintiff, a self-represented litigant. Plaintiff seeks damages related to a child custody decision and divorce proceedings in Louisiana. He claims that he was denied access to his minor child and lost his home because of the action of a private attorney in Louisiana and orders entered by a Louisiana state court. Plaintiff moves the Court for a preliminary injunction to immediately force the return of his minor child to him immediately, to sanction Separate Defendant Thomas Parks for threatening Plaintiff, and to order Separate Defendant Kristy Weatherington to have no contact with Plaintiff. ECF No. 53, p. 5.

---

[1] Magistrate Judge Barry A. Bryant is now retired.
[2] Defendant has filed three Motions for Preliminary Injunction. ECF Nos. 19, 24, and 53. The first two motions (ECF Nos. 19, 24) seek the same relief. In the third motion (ECF No. 53), the only difference is the addition of Danny Clark and Carrie Clark as Defendants. As Judge Bryant did in the Report and Recommendation, the Court will treat the most recently filed Motion for Preliminary Injunction (ECF No. 53) as the live motion in this instance.

## II.  STANDARD OF REVIEW

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation."  *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018).  Generally, "objections must be timely and specific" to trigger *de novo* review.  *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990).  However, the Court may, in its discretion, conduct a *de novo* review of any issue in a report and recommendation.  *Thomas v. Arn*, 474 U.S. 140, 154 (1985).  The Court must apply a liberal construction when determining whether *pro se* objections are specific.  *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

## III.  DISCUSSION

Judge Bryant recommends that Plaintiff's Motions for Preliminary Injunction (ECF No. 19, 24, and 53) be denied as moot because all claims in the underlying amended complaint have been dismissed.  The Court agrees with this recommendation.  The purpose of a preliminary injunction is to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits."  *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir.

1994). In the instant case, all claims in the amended complaint (ECF No. 61) have been heard on the merits and dismissed by the Court. ECF Nos. 74, 94, and 97. Thus, a preliminary injunction at this stage of the case would be moot. Notably, Plaintiff's objections do not address the issue of mootness. Because all claims in the amended complaint (ECF No. 61) have been dismissed, the Court finds that Plaintiff's Motions for Preliminary Injunction (ECF Nos. 19, 24, and 53) should be denied as moot.

Even if the Motions for Preliminary Injunction were not moot, the motions would be denied on substantive grounds. The Court agrees with Judge Bryant's reasoning and determination that Plaintiff has not demonstrated he would suffer irreparable harm without an injunction or that he is likely to succeed on the merits of his case. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (instructing Courts to consider the probability of success on the merits and the threat of irreparable harm, among other factors, when deciding a motion for preliminary injunction). Plaintiff disagrees with this determination regarding the merits of his motion, but the Court finds no error in Judge Bryant's reasoning. In fact, the Court has already determined that Plaintiff's claims are without merit and thus unsuccessful. ECF Nos. 74, 94, and 97.

## IV. CONCLUSION

Upon *de novo* review, the Court adopts the Report and Recommendation (ECF No. 90) *in toto*. Accordingly, Plaintiff's Motions for Preliminary Injunction (ECF Nos. 19, 24, and 53) are **DENIED AS MOOT**.

Because all claims in this lawsuit have now been dismissed, the Court finds that the following motions should also be **DENIED AS MOOT**: Plaintiff's Motion for Clarification; (ECF No. 75); Plaintiff's Motions for Summary Judgment (ECF Nos. 76, 78); Plaintiff's Motion to Set Trial Date (ECF No. 86); and Plaintiff's Motion for Default Judgment as to Christopher Savage

(ECF No. 88).

    **IT IS SO ORDERED**, this 27th day of February, 2026.

                   <u>/s/ Susan O. Hickey</u>
                   Susan O. Hickey
                   United States District Judge